IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXIME EDWARD DALOUCHE, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:20-CV-2914-N-BH |
| | ) | |
| JIMMY JOHNSON, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on September 22, 2020 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

**I.    BACKGROUND**

Maxime Edward Dalouche (Petitioner), an alien detained in the Prairieland Detention Center (PDC) in Alvarado, Texas, claimed that his continued detention pending removal since November 6, 2019, violated his due process rights under the Fifth Amendment. (*See* doc. 3 at 6, 9-10.) He also claimed deliberate indifference, and that the United States Immigration and Customs Enforcement (ICE) and PDC disregarded his "safety by continuing to keep information of past and current positive Covid 19 cases from us that are in the facility." (*Id.* at 6.) He sought immediate release from custody. (*See id.* at 7.) The respondent is Jimmy Johnson, in his official capacity as Warden of PDC (Respondent).

On October 26, 2020, Respondent filed a response to the § 2241 petition. (*See* doc. 6.) On April 14, 2021, Respondent filed a *Notice to Court of Petitioner's Release from Custody*, with

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

supporting documents showing that Petitioner was released from custody on an Order of Supervision on April 9, 2021, pending his removal from the United States. (*See* doc. 8.)

## II.    JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

### A.    **Mootness**

In his first ground, Petitioner claimed that his continued detention for the prior ten months violated his due process rights under the Fifth Amendment. (*See* doc. 3 at 6, 9-10.)

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Here, Petitioner challenged the lawfulness of his continued detention and sought only immediate release from custody. (*See* doc. 3 at 6-7, 9-10.) He stated that he "should be released from ICE custody and placed back on supervision . . . to which I will fully cooperate in the removal process[.]" (*Id.* at 10-11.)

Respondent's evidence shows that Petitioner has now been released from custody on an order of supervision, which is the relief he requested. (*See* doc. 3 at 7, 10-11; doc. 8 at 3-9.) Although the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) has not specifically considered whether a *Zadvydas* challenge to continued detention by an alien under a final order of removal is mooted by the alien's subsequent release on supervision, other circuits have so found. *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that petitioner's release from detention under an order of supervision "moot[ed] his challenge to the legality of his extended detention."); *Nunes v. Decker*, 480 F. App'x 173, 174-75 (3d Cir. 2012) (finding appeal moot where the petitioner's release during its pendency provided him the result he sought in his habeas petition and "forestalled any occasion for meaningful relief."); *Alvarez v. Conley*, 145 F. App'x 428, 429 (4th Cir. 2005) (concluding that the petitioner's release rendered moot his appeal since his § 2241 petition only sought release from detention under *Zadvydas*). District courts in this circuit have likewise found that release moots a § 2241 petition challenging continued detention pending removal. *See Harriott v. DHS ICE, et al.*, No. 3:20-cv-01668-E (BT), 2020 WL 7408236, at *2 (N.D. Tex. Dec. 1, 2020) (dismissing as moot alien detainee's § 2241 petition following his release from custody on supervision and the absence of allegations of any additional adverse collateral consequences or challenges to his conditions of release), *rec. adopted* 2020 WL 7399328 (N.D. Tex. Dec. 17, 2020); *Dien Thanh Ngo v. Johnson*, No. 3:19-CV-976-B-BH, 2019 WL 3468909, at *2-3 (N.D. Tex. July 17, 2019) (same), *rec. adopted* 2019 WL 3459817 (N.D. Tex. July 31, 2019); *Nguyen v. Sessions*, No. 4:18-cv-2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019) (finding that alien detainee's release from custody left nothing for the court to remedy where he only challenged his continued detention); *Hechavarria v. Salinas*, No. 1:18-cv-00012, 2018 WL 1938040, at *2 (S.D. Tex. Mar. 13, 2018) (finding moot § 2241 petition

3

challenging continued detention pending removal where alien detainee had been released on supervision and had not identified any adverse collateral consequences that continued to restrict his liberty), *rec. adopted* 2018 WL 2013081 (S.D. Tex. Apr. 30, 2018); *Singh v. Mukasey*, No. 3:08-CV-2162-O, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009) (finding moot § 2241 petition where only relief sought was release pending removal, and the petitioner had been released on supervision).

The petition does not identify any adverse collateral consequences that continue to restrict Petitioner's liberty, and it does not challenge any conditions of release. Because Petitioner has now received all of the relief that he sought, his claim is moot and should be dismissed.

**B.**     **Conditions of Confinement**

In his second ground, Petitioner alleged "deliberate indifference to risk of harm shown by the knowledge and the risk of reckless disregard." (doc. 3 at 6.) He claimed that his safety was being disregarded at PDC by the withholding of information relating to past and current COVID-19 cases in the facility. (*See id.*) He claimed that ICE and PDC "continue to deny the positive cases when we are and have been able to find out the truth about all number of detainees and officers who are and were infected through several of the officers who work here." (*Id.*) The only relief sought in the petition was immediate release. (*See id.* at 7.)

The Supreme Court of the United States has left open "the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself." *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. But we need not in this case explore the

4

appropriate limits of habeas corpus as an alternative remedy to a proper action under [§] 1983. That question is not before us."); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862-63 (2017) ("we have left open the question whether [post-9/11 immigration detainees in a *Bivens* action] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus."). The Fifth Circuit recently held, however, that a petitioner's § 2241 claims relating to alleged unconstitutional jail conditions arising from the COVID-19 pandemic "[did] not impugn the underlying legal basis for the fact or duration of his confinement." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021). The Fifth Circuit therefore concluded it was not authorized to grant "an extension of federal habeas corpus law" to a COVID-19-based conditions of confinement claim raised by the petitioner. *See id.*; *Asonfac v. Wolf*, No. 6:20-CV-01218, 2021 WL 1016245, at *3 (W.D. La. Mar. 1, 2021) (applying *Rice* and dismissing conditions of confinement claim of ICE detainee relating to COVID-19).

Accordingly, to the extent Petitioner challenges the conditions of his confinement, § 2241 is not the proper avenue for the relief sought. The petition should therefore be dismissed for lack of jurisdiction as to his conditions of confinement claim.

### III.   RECOMMENDATION

The *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on September 22, 2020 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 20th day of April, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE